LARRY S. MAXWELL AND VICKEY L. MAXWELL, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 20641-85.          Filed October 7, 1986.

784

*Rodney L. Norville*, for the petitioners.
*Cheryl M.D. Rees*, for the respondent.

OPINION

WILLIAMS, *Judge*: Respondent has filed a motion to strike certain items at issue in this case from the petition for lack of jurisdiction. This Court must decide whether we have jurisdiction over the portion of the deficiencies and the additions to tax determined by respondent for petitioners' 1979, 1980, 1981, and 1982 taxable years that arise out of certain adjustments of partnership items of income, deduction, or credit for the partnership taxable year ended December 31, 1982.

All of the facts have been stipulated and are so found. Petitioners are husband and wife who resided at Pasadena, Texas, at the time their petition was filed.

On April 4, 1985, respondent mailed a statutory notice of deficiency to petitioners determining deficiencies and additions to tax for their 1979, 1980, 1981, and 1982 taxable years. The deficiency for 1982 resulted, in part, from a disallowance of petitioners' distributive share of VIMAS, LTD.'s claimed loss and investment tax credit for the partnership's taxable year ended December 31, 1982. The deficiencies determined in petitioners' 1979 and 1980 taxable years result from the disallowance of investment tax carryback claimed by petitioners in 1982 as partners in VIMAS, LTD. It is unclear from the record what, if any, portion of the deficiency determined for 1981 results from petitioners' interest in VIMAS, LTD. An addition to tax pursuant to section 6659 was determined for 1979, 1980, and 1982 relating to the alleged overvaluation or overstated basis of VIMAS, LTD.'s partnership property. An addition to tax pursuant to section 6653(a)(2) determined for 1982 is identified in the statutory notice of deficiency as being attributable to petitioners' claimed tax benefits resulting from their interest in VIMAS, LTD. An addition to tax pursuant to section 6653(a)(2) was determined for 1981. An addition to tax was determined pursuant to section 6653(a) for 1979 and 1980 and pursuant to section 6653(a)(1) for 1981 and 1982.

VIMAS, LTD., was formed as a limited partnership under the laws of Texas on December 10, 1982. Petitioner Larry Maxwell was the general partner and 13 individuals, including Larry and petitioner Vickey Maxwell, were limited partners.

VIMAS, LTD., was formed to acquire, market, and exploit video game masters. The earliest that VIMAS, LTD. acquired video game master recordings and cassettes was December 10, 1982, when it executed leases pertaining to such properties. VIMAS, LTD.'s partnership information return (Form 1065) for 1982 states that it commenced operations on December 27, 1982.

Respondent commenced an administrative proceeding within the meaning of section 6224[1] and mailed to Larry notice of the beginning of the administrative proceeding on February 28, 1985. Larry is, within the meaning of section 6231(a)(7), the tax matters partner of VIMAS, LTD. On May 2, 1985, the required notice of the beginning of an administrative proceeding was mailed to each VIMAS, LTD., partner whose name and address had been furnished to respondent. See sec. 6223(a)(1). No notice of final partnership administrative adjustment ("FPAA") resulting from the administrative proceeding has, as yet, been mailed. On November 14, 1985, Larry executed a Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership (Form 872-P) on behalf of VIMAS, LTD.

This case presents an issue of first impression arising from the application of the partnership audit and litigation provisions of subchapter C of chapter 63 of subtitle F of the Internal Revenue Code of 1954, as amended. Respondent argues that certain adjustments that resulted in his determination of a portion of the deficiency for 1982 were "partnership items" within the meaning of section 6231(a)(3).[2] In respondent's view, this Court has jurisdiction over these items only if they are raised in a petition filed subsequent to the issuance of the FPAA pursuant to the procedures of section 6226 and Rules 240 et seq.[3] Sec. 6230(1). Petitioners counter that dismissal of their claims for redetermination of the portions of the deficiencies attributable to their interest in VIMAS, LTD., and related additions to tax would be prejudicial to them. Petitioners claim that they had reached a basis for settlement of all issues in their case and that the dismissal urged by respondent adversely affects this settlement.

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, unless otherwise indicated.

[2] SEC. 6231. DEFINITIONS AND SPECIAL RULES.

(a) DEFINITIONS—For purposes of this subchapter—

    \*      \*      \*      \*      \*      \*      \*

(3) PARTNERSHIP ITEM.—The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

[3] All Rule references are to the Tax Court Rules of Practice and Procedure.

This case presents the dichotomy between, on the one hand, the procedures applicable to the determination and redetermination of *deficiencies* and, on the other hand, the procedures applicable to the administrative adjustment and judicial readjustment of *partnership items*. Prior to the enactment of the partnership audit and litigation provisions, no dichotomy existed. Any deficiency determination that involved items of income, loss, deduction, or credit of a partnership was made for each partner in conjunction with determining the proper tax treatment of all other items on his individual Federal income tax return. Judicial review of respondent's deficiency determination considered only the case of the particular partner before the court. Each partner's tax liability was determined independently of what any other partner's tax liability in respect of identical items might have been. As noted by the Conference report accompanying the Tax Equity and Fiscal Responsibility Act of 1982, H. Rept. 97-760, 97th Cong. 2d Sess., at 599, certain unavoidable consequences follow from separately determining each partner's tax liability:

adjustments are made to each partner's income tax return at the time that return is audited. A settlement agreed to by one partner with the Internal Revenue Service is not binding on any other partner or on the Service in dealing with other partners. Similarly, a judicial determination of an issue relating to a partnership item generally is conclusive only as to those partners who are parties to the proceeding. [H. Rept. 97-760 (Conf.), *supra*, 1982-2 C.B. at 662.]

By enacting the partnership audit and litigation procedures, Congress provided a method for uniformly adjusting items of partnership income, loss, deduction, or credit that affect each partner. Congress decided that no longer would a partner's tax liability be determined uniquely but "the tax treatment of any partnership item [would] be determined at the partnership level." Sec. 6221.

In drawing the line between those matters which may be the subject of a partnership proceeding and those which may not be, the statute divides disputes arising from "partnership items" from disputes arising from "nonpartnership items." Compare paragraphs (3) and (4) of section 6231(a). If the tax treatment of a "partnership item" is at issue, the statute requires the matter to be

resolved at the partnership level. Sec. 6221. Respondent has no authority to assess a deficiency attributable to a partnership item until after the close of a partnership proceeding (sec. 6225(a)), and may be enjoined from making premature assessments. Sec. 6225(b). Special rules apply to settlement agreements. Sec. 6224(c). Special statutes of limitations apply to assessment of deficiencies attributable to partnership items. Sec. 6229. In separating partnership adjustments from the deficiency procedures applicable in all other income tax matters, Congress intended that all nonpartnership matters on a partner's Federal income tax return continue to be subject to the existing rules for administrative and judicial resolution of the partner's tax liability. As reported by the Conference report, H. Rept. 97-760, at 611:

Existing rules relating to administrative and judicial proceedings, statutes of limitations, settlements, etc., will continue to govern the determination of a partner's tax liability attributable to nonpartnership income, loss, deductions, and credits. Neither the Secretary nor the taxpayer will be permitted to raise nonpartnership items in the course of a partnership proceeding nor may partnership items, except to the extent they become nonpartnership items under the rules, be raised in proceedings relating to nonpartnership items of a partner. [1982-2 C.B. at 668.]

It is evident both from the statutory pattern and from the Conference report that Congress intended administrative and judicial resolution of disputes involving partnership items to be separate from and independent of disputes involving nonpartnership items. Consequently, the portion of any deficiency attributable to a "partnership item" cannot be considered in the partner's personal case involving other matters that may affect his income tax liability. The "partnership items" must be separated from the partner's personal case and considered solely in the partnership proceeding. See sec. 6226(a); sec. 6226(f).

This Court's Rules follow this statutory pattern. Rule 240(b)(2) defines "partnership action," in part, as "an 'action for adjustment of partnership items' under Code Section 6228." Rule 240(c) states that [this] "Court does not have jurisdiction of a partnership action" if no FPAA has been issued. See Rule 240(c)(1)(i).

It is certain on this record that the partnership audit and litigation provisions apply to this case. Sections 6221 et seq. are "applicable to partnership taxable years beginning after September 3, 1982" and "to any partnership taxable year ending after September 3, 1982, if the partnership, each partner, and each indirect partner requests such application and the Secretary or his delegate consents to such application." Sec. 402(a), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 648. The consent provision of this effective date rule is not applicable in this case because VIMAS, LTD.'s first partnership taxable year commenced after September 3, 1982.[4] VIMAS, LTD., a partnership of more than 10 partners that was formed on December 10, 1982, was a partnership within the meaning of section 6231(a)(1). VIMAS, LTD. acquired its operating partnership property on December 10, 1982, and commenced operations in December 1982. As a result, adjustments to VIMAS, LTD.'s items of partnership income, loss, deduction, or credit, such as those at issue in this case, are subject to the partnership audit and litigation provisions.

In this case, no FPAA has been issued to VIMAS, LTD. Because the issuance of an FPAA is a condition precedent to the exercise of our jurisdiction over a partnership action, it follows that we have no jurisdiction in this case to redetermine any portion of a deficiency attributable to a "partnership item." We must, therefore, decide whether any of the items giving rise to any part of the deficiencies in this case are "partnership items."

Section 6231(a)(3) provides that a "partnership item" means any item required to be taken into account for the partnership's taxable year to the extent prescribed by respondent's regulations as an item that "is more appropriately determined at the partnership level than at the partner level." Partnership losses or credits are items taken into account by VIMAS, LTD., for the 1982 partnership

---

[4]While it is true that VIMAS, LTD.'s first taxable year ended after Sept. 3, 1982, it is also true that every one of its taxable years will end after Sept. 3, 1982. To construe the effective date rule as applying the consent requirement to all taxable years ending after Sept. 3, 1982, without limiting it to those years that began before Sept. 4, 1982, would result in applying the consent requirement to all future years of all partnerships. The Conference report states that the partnership audit and litigation provisions are mandatory except for that narrow class of partnership years that do not begin after Sept. 3, 1982.

taxable year. Cf. *Southern v. Commissioner*, 87 T.C. 49 (1986); section 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs., provides that "Items of * * * loss, deduction, or credit of the partnership" are more appropriately determined at the partnership level. VIMAS, LTD.'s partnership loss for 1982 and VIMAS, LTD.'s investment tax credit for 1982 are, therefore, "partnership items" unless some provision of the statute transmutes them into "nonpartnership items." See secs. 301.6231(a)(3)-1(a)(1)(i) and (vi)(A), Proc. & Admin. Regs.

On this record it is clear that respondent has given notice of the beginning of the administrative proceeding. Consequently, section 6223(a)(1) has been satisfied and none of the other events that could cause a transmutation of "partnership items" into "nonpartnership items" has occurred. Sec. 6231(b)(1).[5] It follows that the VIMAS, LTD., loss and investment tax credit are "partnership items" and that we lack jurisdiction over deficiencies attributable to those partnership items.

The carryback of VIMAS, LTD.'s investment tax credit that results in the deficiencies for petitioners' 1979 and 1980 taxable years is not a "partnership item." Although the existence or amount of the carryback cannot be determined without reference to the VIMAS, LTD., investment tax credit to which VIMAS, LTD., partners were entitled for 1982, the amount of credit to be carried back is not a "partnership item" because a partnership does not take into account any carryback for any taxable year. Rather, the carryback is peculiar to each partner's own tax posture. The carryback is, however, an "affected item" since its existence or amount is "affected by" the investment tax credit that is a partnership item. Sec. 6231(a)(5). An item

---

[5]SEC. 6321. DEFINITIONS AND SPECIAL RULES.

(b) ITEMS CEASE TO BE PARTNERSHIP ITEMS IN CERTAIN CASES.—

(1) IN GENERAL.—For purposes of this subchapter, the partnership items of a partner for a partnership taxable year shall become nonpartnership items as of the date—

(A) the Secretary mails to such partner a notice that such items shall be treated as nonpartnership items,

(B) the partner files suit under section 6228(b) after the Secretary fails to allow an administrative adjustment request with respect to any of such items,

(C) the Secretary enters into a settlement agreement with the partner with respect to such items, or

(D) such change occurs under subsection (e) of section 6223 (relating to effect of Secretary's failure to provide notice) or under subsection (c) of this section.

whose existence or amount is dependent on any partnership item is an affected item. See H. Rept. 97-760 (Conf.), *supra* at 609, 1982-2 C.B. at 667. As an affected item, however, the carryback gives rise to deficiencies for petitioners' 1979 and 1980 years that are attributable to the partnership item which is the claimed investment tax credit for 1982. Because the carrybacks are the only items giving rise to the deficiencies at issue for 1979 and 1980, we lack jurisdiction over the deficiencies determined for those years.[6]

An addition to tax has been determined for 1979, 1980, and 1982 pursuant to section 6659 which, in this case, relates solely to VIMAS, LTD.'s partnership property. Although the basis or value of partnership property is a partnership item, the section 6659 addition to tax is not an item "required to be taken into account for the partnership's taxable year." It is, therefore, not a partnership item. The existence or amount of this addition to tax, however, depends on a finding of proper basis or value of VIMAS, LTD.'s property. Consequently, it is an affected item.

The addition to tax for negligence in 1979, 1980, 1981, or 1982 may have been determined because of either the partnership's tax reporting positions or the partner's own tax reporting positions. The partnership's reporting positions will be exclusively the subject of the partnership action while the partner's reporting positions, except for positions consistent with the partnership's (sec. 6222(b)), will be the subject of the partner's personal case. A finding of negligence in either the partnership action or the partner's personal case will affect the other. The 5-percent addition (whether pursuant to section 6653(a) for 1979 and 1980 or pursuant to section 6653(a)(1) for 1981 and 1982) is applied to the entire deficiency for the year. Consequently, if the partner was negligent in his own reporting positions, any deficiency attributable to partnership items will also bear that 5-percent· addition. Likewise, if the partnership's reporting positions resulted from negligence, the 5-percent

---

[6]See sec. 6229(a) which extends the period of limitations for assessments of tax "attributable to any partnership item (or affected item)." As discussed *infra*, a deficiency attributable to an affected item such as a partner's carryback of a partnership's investment tax credit is also a "deficiency attributable to a partnership item." Assessments of such deficiencies can be made only at the conclusion of the partnership proceeding in which readjustments to the partnership items giving rise to the deficiencies are determined. Sec. 6225(a).

addition would apply also to the portion of any deficiency attributable to nonpartnership items.

Certain complications in applying section 6653 to the entire deficiency for a year result, however, from following the separate partnership audit and litigation procedures. As discussed above, Congress intended that partnership tax issues be resolved without hindering, and without hindrance from, the resolution of nonpartnership tax issues. If a decision of deficiency in tax is entered in a partner's personal tax case without a finding of negligence while the partnership action is pending, any 5-percent addition due to the negligence of the partnership cannot be part of that decision. Similarly, if a finding of negligence is made in the partner's personal case, the addition to tax will increase if an additional deficiency results from the partnership action. It appears that the resolution of this complication is found in treating as an "affected item" (1) any addition to tax for negligence found in the partnership action or (2) where negligence is found in the personal case, any increased addition to tax on a deficiency resulting from partnership adjustments.

Affected items depend on partnership level determinations, cannot be tried as part of the personal tax case, and must await the outcome of the partnership proceeding.[7] Apparently, in these circumstances, respondent may issue a second notice of deficiency to the partner determining an additional deficiency attributable to "affected items."[8] In other circumstances, a computational adjustment is made.[9]

---

[7]An item, such as a medical expense deduction, the deductibility of which depends on adjusted gross income, may or may not be affected by partnership adjustments. A medical expense deduction would be a nonpartnership item, the partner's entitlement to which would be litigated in the partner's personal case. The deduction may be limited (or increased) by a partnership adjustment and to that extent only it would be an affected item. The proper tax liability attributable to such an affected item would be the subject of a computational adjustment (see note 9 below).

[8]Sec. 1875(d), Tax Reform Act of 1986, Pub. L. 99-514; see also Proposed Income Tax Regs. sec. 301.6231(a)(6)-1(c), 51 Fed. Reg. 13245 (Apr. 18, 1986).

[9]SEC. 6231. DEFINITIONS AND SPECIAL RULES.

(a) DEFINITIONS.—For purposes of this subchapter—

\* \* \* \* \* \* \*

(6) COMPUTATIONAL ADJUSTMENT.—The term "computational adjustment" means the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item. All adjustments required to apply the results of a proceeding with respect to a partnership under this subchapter to an indirect partner shall be treated as computational adjustments

See also sec. 6230.

As an "affected item," the addition to tax for negligence resulting from partnership reporting positions cannot be an issue joined in a partner's personal tax case because a deficiency determined by reference to such an affected item requires a partnership level determination—i.e., whether the partnership reported partnership items negligently. Such affected items cannot be considered in the course of deciding petitioners' personal case without trespassing the line of demarcation drawn by Congress between the audit and litigation of partnership tax matters and the resolution of all other tax items of the partner. Any other principle would inextricably tie the two together and remove the statutory dichotomy whenever an addition to tax affected by partnership items has been determined by respondent.

Consequently, the VIMAS, LTD., partnership items and affected items that are presently raised in the petition in this case will be struck from the petition for lack of jurisdiction. Nevertheless, respondent is barred from assessing the deficiencies and additions to tax for 1979 and 1980 and those portions of the deficiencies for 1981 and 1982 and related additions to tax attributable to partnership items (including any portion calculated by reference to affected items) prior to the termination of the partnership proceeding. The statute of limitations, of course, does not run on the deficiencies attributable to partnership items (including affected items). Sec. 6229(a).

The collapse of the settlement that petitioners believed they had constructed is unfortunate, but we may not take jurisdiction except where the statute mandates it.

*An appropriate order will be entered.*

Reviewed by the Court.
STERRETT, SIMPSON, GOFFE, CHABOT, NIMS, PARKER, WHITAKER, KÖRNER, SHIELDS, HAMBLEN, COHEN, CLAPP, SWIFT, JACOBS, GERBER, WRIGHT, and PARR, *JJ.,* agree with this opinion.