ESTATE OF KAPATANAMALE R. SOMASHEKAR, DECEASED, JOHN E. HARRIS, ADMINISTRATOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Somashekar v. Commissioner
Docket No. 29351-86.
United States Tax Court
T.C. Memo 1987-125; 1987 Tax Ct. Memo LEXIS 124; 53 T.C.M. (CCH) 315; T.C.M. (RIA) 87125; March 9, 1987. William M. Maloan, for the petitioner. Paula M. Jung, for the respondent. WILLIAMS
MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge*: This case is before the Court on petitioner's Motion to Dismiss for Lack of Jurisdiction. The Commissioner determined a deficiency in Federal *126 income tax for the decedent's taxable year ended December 31, 1982 in the amount of $12,449.36. The issue this Court must decide is whether the partnership audit and litigation provisions, sections 6221 to 6233, [1] apply to the adjustments determined by respondent with respect to the decedent's interest in DRW Realty XXV, Ltd. ("DRW" or "the Partnership"), a Texas limited partnership. The resolution of this issue is determined by the date the Partnership's taxable year 1982 commenced. FINDINGS OF FACT Some of the facts of this case have been stipulated for purposes of this motion and are so found. The principal office of the administrator of the estate of the decedent, John E. Harris, was at Martin, Tennessee at the time the petition in this case was filed. [2]
Somashekar received a private placement memorandum for the Partnership which is dated November 1, 1982. [3] *127 The memorandum states that the cost of one unit of the Partnership was $15,000.00 and that the minimum offering to complete the subscription was $525,000.00. The subscription period was to expire on December 31, 1982 unless extended by the general partners -- Donald R. Walker as the individual general partner; and DRW Interests, Inc. as the corporate general partner. Subscriptions received were to be deposited in a separate bank account, no funds of which would be distributed to the Partnership until at least $315,000.00 was received. The memorandum states further that the Partnership was formed as a general partnership on November 1, 1982, and was being converted to a limited partnership. DRW's Amended and Restated Agreement and Certificate of Limited Partnership was filed with the Secretary of State of Texas on December 30, 1982. The agreement is dated November 1, 1982, and states that the limited partnership was formed as of November 1, 1982. Somashekar received a letter dated December 31, 1982 from DRW Investments, Inc. accepting his subscription for a one-unit interest in the Partnership. *128 Accompanying the letter was a Certificate of Ownership dated December 31, 1982 which states that the decedent owns one unit of the Partnership. The certificate was executed by Donald R. Walker, the promoter and general partner of the Partnership. The record does not indicate the date on which decedent received this letter. The Federal partnership information return for DRW's taxable year ending December 31, 1982 was filed on October 21, 1983. The Partnership reported on its return that it commenced business on January 1, 1982 and operated for 12 months in 1982. The return was executed by Donald R. Walker. The partnership information return for the 1982 taxable year of the Bridgegate Investment Co. ("Bridgegate"), a general partnership, was received by respondent on October 21, 1983. Bridgegate had two partners in 1982: the Partnership, and DRW Enterprises, another partnership promoted by Donald R. Walker. The information return reports that Bridgegate commenced business on January 1, 1982 and was actively operated as a partnership for 12 months in 1982. The information return was executed by Donald R. Walker. OPINION Petitioner argues that the Partnership was formed after *129 September 3, 1982, and therefore, is subject to the partnership audit and litigation procedures of section 6221 et seq. Petitioner contends that since the entire amount of respondent's notice of deficiency is attributable to adjustments for "partnership items" within the meaning of section 6231(a)(3), this Court lacks jurisdiction to hear this case. Maxwell v. Commissioner,87 T.C. 783 (1986). Respondent contends that the Partnership was formed prior to September 4, 1982. Therefore, argues respondent, the statutory notice determining a deficiency attributable to the decedent's interest in the Partnership was properly issued. A partnership includes for Federal income tax purposes, "a syndicate, group, pool, joint venture or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title [subtitle], a corporation or a trust or estate. * * *" Section 761(a). A partnership is formed, for Federal income tax purposes, "when the parties to a venture join together capital or services with the intent of conducting presently an enterprise or business. [Footnote *130 omitted.] Commissioner v. Tower,327 U.S. 280 (1946)." Sparks v. Commissioner, 87 T.C.     (filed December 8, 1986) (slip opinion at p. 5). Because the Partnership was formed in 1982, the Partnership's taxable year ended December 31, 1982 commenced on the date the Partnership was formed. Sparks v. Commissioner,supra.
While in some cases the transformation of a general partnership to a limited partnership would not affect the partnership's taxable year, see sections 708(a) and 706(c), the record shows that the admission of limited partners to the Partnership caused a termination of the general partnership. Section 708(b)(1)(B). Consequently, we do not need to find the date the general partnership was formed. We need only ascertain when the Partnership was formed as a limited partnership. Respondent argues that the partnership information returns filed by the Partnership represent the only reliable evidence to indicate when the Partnership was formed. The returns report that the Partnership commenced business on January 1, 1982. Nevertheless, no other evidence in the record indicates that the Partnership's taxable year commenced January 1, 1982. *131 Indeed, all other evidence points to a formation date subsequent to September 3, 1982. We are persuaded by the limited partnership agreement, the private placement memorandum, the certificate of limited partnership and other documents in the record that the Partnership was formed subsequent to September 3, 1982. The limited partnership agreement states that the Partnership was formed on November 1, 1982, and was filed with the Secretary of State of Texas on December 30, 1982. The private placement memorandum, itself dated November 1, 1982, states that the Partnership was formed initially as a general partnership on November 1, 1982. While the date on which Somashekar acquired his capital interest in the Partnership is not known, see Hensel Phelps Construction Co. v. Commissioner,74 T.C. 939, 948 (1980), affd. 703 F.2d 485 (10th Cir. 1983), the letter of acceptance of Somashekar's subscription for a one-unit interest in the Partnership and the Certificate of Ownership of a unit interest in the Partnership received by Somashekar were both dated December 31, 1982. Moreover, the private placement memorandum indicates that the subscription period would *132 not close prior to December 31, 1982. Thus, with the exception of the 1982 partnership information return filed by the Partnership, all documents in the record consistently reflect that the Partnership was formed subsequent to September 3, 1982. There is no evidence of any activity or transaction conducted by the Partnership prior to that date. We conclude that the Partnership was formed subsequent to September 3, 1982, and thus the Partnership's 1982 taxable year commenced subsequent to September 3, 1982. Sparks v. Commissioner,supra. Therefore, the partnership audit and litigation procedures are applicable. Section 402(a), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 648. Respondent argues, however, that Somashekar's distributable share of claimed losses of the Partnership is derived principally from the Partnership's interest in Bridgegate, a subsidiary partnership. Respondent contends that if Bridgegate was formed prior to September 4, 1982, then this Court would have jurisdiction with respect to that portion of the notice of deficiency in this case which is attributable to adjustments relating to claimed losses from Bridgegate. *133 We do not reach this complicated issue in this case. Bridgegate had two partners in 1982 [4] -- the Partnership and DRW Enterprises. It is axiomatic that a partnership must consist of at least two partners. Since the Partnership was formed after September 3, 1982, it is impossible for Bridgegate to have been formed prior to that date. Therefore, the 1982 taxable year of Bridgegate commenced after September 3, 1982, and the partnership audit and litigation provisions, section 6221 et seq., also apply to it. Treatment of all the adjustments is governed by the partnership audit and litigation provisions, section 6221 et seq., and by this Court's opinion in Maxwell v. Commissioner,87 T.C. 783 (1986). See Sparks v. Commissioner,supra.
Accordingly, An order dismissing this case for lack of jurisdiction will be entered.
Footnotes
*. By order of the Chief Judge this case was assigned to Judge Williams for decision and opinion.↩
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩
2. The date of death of the decedent, K. R. Somashekar, ("Somashekar") was October 5, 1983. See Petitioner's Response to Notice of Objection filed January 12, 1987.↩
3. The date the memorandum was received by Somashekar is not revealed in the record.↩
4. Bridgegate filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Texas on March 25, 1985. In its Statement of Financial Affairs filed with that court on May 11, 1985 Bridgegate reported that it had a total of five partners.↩