T.C. Memo. 1996-220

UNITED STATES TAX COURT

JANET KLINE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15500-92.                          Filed May 7, 1996.

<u>Peter Driscoll</u>, for petitioner.

<u>Diane D. Helfgott</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]   Respondent determined additions to petitioner's

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the tax year in issue,
and all Rule references are to the Tax Court Rules of Practice

1984 income tax, pursuant to section 6653(a)(1) and (2), in the amounts of $200 and $2,756, respectively.  The additions to tax are attributable to a partnership loss from the American Indian Venture Capital Partnership (the partnership) that was claimed on the 1983 joint income tax return and carried forward to the 1984 return.  The underlying adjustments relating to the partnership were resolved in American Indian Venture Capital v. Commissioner, docket No. 17697-87.  A timely petition was filed in response to the statutory notice issued on April 3, 1992.  At the time of filing the petition herein, petitioner resided in Ellicott City, Maryland.

Petitioner, through her attorney, Peter Driscoll, filed a petition for redetermination on July 9, 1992.  Petitioner argued that she is not liable for the additions to tax because she is an innocent spouse within the meaning of section 6013(e).  Petitioner also argues that the statute of limitations bars assessment and collection of the tax.

On September 4, 1992, respondent filed an answer to the petition in which she denied all substantive allegations of fact and error and affirmatively alleged as a defense that the statute of limitations does not bar assessment and collection of the deficiency due for the taxable year 1984.  Respondent alleged as follows:

and Procedure.

(a) The notice of deficiency at issue herein asserts additions to tax arising from the loss claimed by petitioner and Frank Kline as their distributive share of the partnership loss reported by American Indian Venture Capital Partnership for the taxable year 1983.

(b) Petitioner and Frank Kline claimed a loss from American Indian Venture Capital on their 1983 return and carried forward a net operating loss based on the 1983 partnership loss to their 1984 return.

(c) The net operating loss claimed by petitioner and Frank Kline on their 1984 return is an affected item as defined by 6231(a)(5), arising from the partnership loss reported by American Indian Venture Capital Partnership for the taxable year 1983. Maxwell v. Commissioner, 87 T.C. 783, 790 (1986).

(d) The notice of deficiency at issue herein asserts additions to the tax for the taxable year 1984 arising from the partnership loss carried forward by petitioner and Frank Kline from 1983 to 1984.

(e) These additions to tax asserted by respondent are also affected items as defined in I.R.C. 6231(a)(5) and Treas. Reg. 301.6231(a)(5) - 1(d) arising from the partnership loss claimed by American Indian Venture Capital for the taxable year 1983.

(f) Pursuant to I.R.C. 6501(o)(2) and 6229(g), the applicable period of limitations for the assessment of additions to tax arising from partnership items is provided by I.R.C. 6229.

(g) American Indian Venture Partnership filed its 1983 partnership return of income on April 15, 1984.

(h) A notice of partnership administrative adjustment setting forth respondent's determination of the adjustments to partnership items for American Indian Venture Capital for the taxable year 1983 was mailed to each partner on March 16, 1987, which date was prior to the expiration of the three-year period for assessment and collection under I.R.C. 6229(a).

(i) A timely petition contesting the partnership adjustments was filed on June 12, 1987.

(j) A decision was entered on January 17, 1991, and became final on April 16, 1991.

(k) A notice of deficiency was mailed to petitioner with respect to the additions to the tax affected items on April 3, 1992, which date was prior to the expiration of the one-year period for assessment and collection under I.R.C. 6229(f).

On September 4, 1992, respondent served a copy of her answer upon Attorney Driscoll. On November 5, 1992, respondent filed a motion for entry of an order that the undenied allegations in her answer be deemed admitted in accordance with Rule 37(c). Attorney Driscoll was served with a copy of the motion. Also on November 5, 1992, Attorney Driscoll was served with a notice from the Clerk of the Court that respondent had filed a motion for entry of an order. The notice indicated that

If petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules on or before November 27, 1992, respondent's motion will be denied. If petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer.

No reply was filed by petitioner, and, accordingly, respondent's motion was granted on December 7, 1992.

This case was originally set for trial on October 12, 1993. Respondent filed a motion for continuance which was granted by the Court on August 19, 1993. The case was then set for trial on October 11, 1994. Respondent filed a motion for continuance which was granted by the Court on August 22, 1994. The two motions to continue referred to related cases under submission

involving the deductibility of petitioner's claimed partnership losses.

On June 23, 1995, a notice setting this case for trial on September 11, 1995, in Baltimore, Maryland, along with a Standing Pre-Trial Order, were served upon Attorney Driscoll. The notice clearly indicated that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU". On August 18, 1995, approximately 3 weeks before the date set for trial of this matter, respondent filed a motion for an order to show cause why judgment should not be entered against petitioner on the basis of Kline v. Commissioner, T.C. Memo. 1994-397. By order dated August 21, 1995, petitioner was ordered to "show cause in writing on or before September 6, 1995, why respondent's * * * motion should not be granted and a decision entered in accordance therewith." Attorney Driscoll was served with a copy of this order on August 22, 1995. No response was filed to the order to show cause.

When the case was called for trial on September 11, 1995, neither petitioner nor Attorney Driscoll appeared or otherwise communicated with the Court. Counsel for respondent appeared at the hearing.

In Kline v. Commissioner, supra, the Court considered whether petitioner was entitled to relief as an innocent spouse for the additions to tax determined for the 1982 and 1983 tax years. The additions to tax were attributable to a partnership

loss claimed in 1983 and carried back to 1982.[2]  We held that petitioner was not entitled to relief as an innocent spouse because she had failed to prove that she satisfied the lack of knowledge requirement pursuant to section 6013(e).  We did not address whether petitioner had satisfied the remaining requirements of section 6013(e).

Discussion

As in the prior case, Kline v. Commissioner, supra, the additions to tax here are affected items.  Saso v. Commissioner, 93 T.C. 730, 734 (1989).  It is well established that the Commissioner's deficiency determination carries with it a presumption of correctness, and the taxpayer bears the burden of proving that the determination is erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Our Rules provide that the failure of a party to appear at trial may result in entry of decision against that party.  Specifically, Rule 123 provides in pertinent part:

> (b) Dismissal:  For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. * * *

---

[2]  The partnership, American Indian Venture Capital Partnership, is the identical partnership involved in this case.

Dismissal of a case is a sanction resting in the sole discretion of the trial court. <u>Harper v. Commissioner</u>, 99 T.C. 533, 540 (1992). Furthermore--

> Dismissal may properly be granted where the party's failure to comply with Rules and orders of the Court is due to "willfulness, bad faith or any fault", as contrasted with mere inadvertence or inability. <u>Societe Internationale v. Rogers</u>, 357 U.S. 197, 212 (1958)(Fed. R. Civ. P. 37(b)(2)); <u>Dusha v. Commissioner</u>, 82 T.C. 592, 599 (1984) (Rule 104(c)). A case may be dismissed for failure properly to prosecute when petitioner, or counsel on petitioner's behalf, fails to appear at trial and does not otherwise participate in the resolution of petitioner's claim. <u>Basic Bible Church v. Commissioner</u>, 86 T.C. 110, 114 (1986). [<u>Id.</u>]

We look to the legal standards for dismissal under rule 41(b) of the Federal Rules of Civil Procedure as guidance for involuntary dismissals in the Tax Court under our Rule 123(b). <u>Basic Bible Church of America v. Commissioner</u>, 86 T.C. 110, 113 (1986). The Court of Appeals for the Fourth Circuit, to which dismissal of this case would be appealable, has held that a court considering whether to dismiss a case under rule 41(b) of the Federal Rules of Civil Procedure for failing to prosecute must consider the following factors:

> "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion' and (4) the existence of sanctions less drastic than dismissal." [<u>Herbert v. Saffell</u>, 877 F.2d 267, 270 (4th Cir. 1989) (quoting <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919, 920 (4th Cir. 1982)).]

Applying these factors we conclude that dismissal of this case is proper under Rule 123(b). With respect to the first factor, petitioner is responsible for Attorney Driscoll's actions under ordinary principles of agency. Link v. Wabash R.R., 370 U.S. 626, 633-634 (1962); Doyle v. Murray, 938 F.2d 33, 35 (4th Cir. 1991) ("But this must always be done with an eye to the realities of a client's practical ability to supervise and control his attorney's litigation conduct."). As indicated, petitioner filed her petition with this Court through Attorney Driscoll. We do not know the circumstances surrounding this attorney-client relationship; nevertheless, petitioner had an obligation to inquire about the status of her case. Petitioner is not unfamiliar with the proceedings of this Court, as evidenced by the previous case litigated.

The remaining factors also warrant dismissal. Respondent would be prejudiced if we were to continue this case for trial on another date, particularly in light of the fact that petitioner has not requested a continuance. In spite of this Court's warning in its notice setting this case for trial and its pretrial order, petitioner failed to appear at the hearing and trial on September 11, 1995. Petitioner also failed to show cause why judgment should not be entered in accordance with Kline v. Commissioner, supra. Finally, we believe that dismissal is warranted because petitioner has, through her own fault, failed to properly prosecute her case. Accordingly, we discharge the

order to show cause, and we dismiss this case pursuant to Rule 123(b), and we sustain respondent's determination respecting the additions to tax.

To reflect the foregoing,

<u>An order of dismissal and decision for respondent will be entered.</u>