T.C. Memo. 2003-269

UNITED STATES TAX COURT

WILLIAM B. MCDERMOTT AND DONNA MCDERMOTT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18050-99.              Filed September 16, 2003.

William B. McDermott and Donna McDermott, pro sese.

<u>Stephen S. Ash</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioners petitioned the Court to
redetermine a $215,493 deficiency in their 1995 Federal income
tax and a $43,099 accuracy-related penalty under section 6662(a).
Following respondent's concession as to 17 of the 23 bank
deposits determined by him in the notice of deficiency to be
income, and our granting of petitioners' motion to dismiss much

of this case for lack of jurisdiction,[1] we decide whether petitioners underreported their gross income by $15,496; i.e., the total amount of the remaining 6 deposits. We hold they did not.[2] Section references are to the applicable versions of the Internal Revenue Code, Rule references are to the Tax Court Rules of Practice and Procedure, and dollar amounts are rounded.

FINDINGS OF FACT

Some facts were stipulated. The parties' stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference. Petitioners are husband and wife, and they resided in Phoenix, Arizona, when their petition was filed. They have at least two children (Melissa and Joshua).

Petitioners filed a joint 1995 Federal income tax return on or about September 9, 1996. They reported on that return that their gross income consisted of $30,000 of business income and $54 of dividend income, and they reported and paid $5,915 in Federal income tax with respect thereto. They reported on their

---

[1] Specifically, petitioners had moved to dismiss the portion of this case that concerned partnership items which respondent conceded were included erroneously in the notice of deficiency. See Maxwell v. Commissioner, 87 T.C. 783 (1986) (partnership items must be readjusted in a unified partnership level proceeding brought under the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 402(a), 96 Stat. 648, and cannot be considered in a proceeding brought under sec. 6213(a) to redetermine a deficiency).

[2] On the basis of this holding, we also hold that petitioners are not liable for the accuracy-related penalty determined by respondent as it relates to the bank deposits.

1995 return that the business income consisted of $12,000 received by William McDermott (Mr. McDermott) and $18,000 received by Donna McDermott (Ms. McDermott). During 1995, Mr. McDermott was an independent contractor who bought and sold educational textbooks as the manager of Omega Resources LLC (Omega). He generally works for Omega throughout the United States, and it reimburses him for his out-of-pocket traveling expenses. Ms. McDermott also worked for Omega during that year as an independent contractor. She has an undergraduate degree in teaching and a master's degree in the healing arts (the study of alternative medicine), and she worked for Omega counseling individuals on their personal problems.

During 1995, petitioners had a regular checking account at First Interstate Bank (FIB), two valuechecking accounts at Bank One, and a securities account at Prudential Securities. When respondent audited petitioners' 1995 return, respondent performed a bank account analysis on these four accounts and determined in the notice of deficiency that the following 23 deposits into the FIB and Bank One accounts were includable in petitioners' 1995 gross income:

| Date of Deposit | Amount |
|---|---|
| Jan. 18 | $1,375 |
| Apr. 7 | 150 |
| May 10 | 93 |
| May 10 | 475 |
| May 10 | 151 |
| May 10 | 156 |

| | |
|---|---:|
| July  3 | 3,165 |
| July  3 | 1,000 |
| July 25 | 831 |
| Aug.  2 | 2,500 |
| Aug. 18 | 1,000 |
| Aug. 28 | 1,248 |
| Oct.  5 | 102 |
| Nov.  6 | 114 |
| Nov. 16 | 457 |
| Nov. 17 | 289 |
| Nov. 22 | 210 |
| Nov. 29 | 251 |
| Dec.  1 | 3,000 |
| Dec. 14 | 3,000 |
| Dec. 18 | 3,000 |
| Dec. 18 | 454 |
| Dec. 29 | 763 |
| | 23,784 |

Petitioners had not included any of these deposits in their 1995 gross income.

During this proceeding, respondent conceded error as to 17 of the deposits determined to be includable in petitioners' 1995 gross income.  Respondent now asserts that only the following six deposits are so includable:  The July 3 deposit of $3,165, the July 25 deposit of $831, the August 2 deposit of $2,500, the December 1 deposit of $3,000, the December 14 deposit of $3,000, and the December 18 deposit of $3,000.  The $3,165 was a deposit made in cash or by check.  The $831 was a deposit made in cash. The $2,500 and the first $3,000 were deposits made by wire transfer from the Lorain, Ohio, bank account of Ms. McDermott's mother.  The second $3,000 was a deposit made by check.  The third $3,000 was a deposit made by check, the drawer of which was a bank located in the Bahamas.

Mr. McDermott has a brother who lives in Canada. Every year, the brother visits petitioners for the Christmas holidays. The brother generally gives petitioners money around that time to buy Christmas presents for their family.

Mr. McDermott's father was a native of Canada, and he lived there in 1995.[3] During that year, he suffered from diabetes and had heart problems which required significant care. His wife died in October 1995, and he stayed with petitioners for a long time over Christmas. He gave $6,000 to petitioners before his stay to buy Christmas presents for the extended family and to buy household and medical items (e.g., medical supplies, a chair, and a bed, covering, and linens) related to his stay. At least part of that money came from an offshore bank account that Mr. McDermott's father maintained in the Bahamas.

Before marrying Mr. McDermott, Ms. McDermott was a widow with two children. Beginning with the birth of the first child, Ms. McDermott's mother has given money to Ms. McDermott to help her raise her children. Her mother also gives money to her around Christmastime to buy presents for the family. During 1995, Ms. McDermott's mother wired $2,500 and $3,000 from her bank account in Lorain, Ohio, to petitioners' bank account. Of those amounts, $3,000 was a Christmas gift, and $2,500 was to be

---

[3] Mr. McDermott's father died on June 24, 1998.

applied towards petitioners' daughter's college tuition for the fall semester.

OPINION

Respondent argues that his use of the bank deposits method is a "prima facie case" that requires that petitioners prove that the six deposits are not unreported income. Respondent asserts that the revenue agent who conducted the audit "determined based on his experience that petitioners' income in 1995 was diverted to an offshore bank account and that the funds were moved to the McDermott's [sic] parents' account in Canada and then came back as alleged gifts." Respondent asserts that the funds given to petitioners by Ms. McDermott's mother also were determined to be unreported income because of the involvement of Mr. McDermott's father with offshore accounts.

Petitioners argue that each of the six deposits has a nontaxable source. Petitioners assert that the $3,165 deposit was a payment to Mr. McDermott from Omega (consisting of $165 for a petty cash expense, $1,000 as partial reimbursement for out-of-pocket expenses, and $2,000 as an advance contract payment that Mr. McDermott included in the $12,000 that he recognized as income for 1995). They assert that the first $3,000 deposit was wired to them from Ms. McDermott's mother as a Christmas gift. They assert that the other two $3,000 deposits were given to them by Mr. McDermott's father to pay for his extended stay at their

home over the Christmas holiday and to buy Christmas presents for them and members of the extended family.  They assert that the $2,500 was wired to them from Ms. McDermott's mother to apply towards their daughter's college tuition for the fall semester. They assert that the $831 deposit came from a nontaxable source.

We need not decide which party bears the burden of proof in this case in that we can and do decide this case on the basis of the record.[4]  Petitioners generally support their assertions as to the tax status of the deposits by their respective testimony and the introduction of certain documentary evidence.  On the basis of the record at hand, we are persuaded that none of the six deposits are includable in petitioners' 1995 gross income. We have considered all of the parties' arguments and reject those arguments not discussed herein as meritless.

Decision will be entered

under Rule 155.

---

[4] Sec. 7491 does not apply to this case because the examination of petitioners' tax return commenced before July 22, 1998, the effective date of that section.  Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(a), 112 Stat. 726.