T.C. Memo. 2002-202

UNITED STATES TAX COURT

VICTOR GRIGORACI AND JUDITH A. GRIGORACI, ET AL.,[1] Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 7628-00, 7890-00,    Filed August 12, 2002.
9573-00.

Victor Grigoraci, pro se in docket No. 7628-00.

Charles W. Wright (an officer of the tax matters partner),

for petitioners in docket Nos. 7890-00 and 9573-00.

<u>Mary Ann Waters</u> and <u>T. Keith Fogg</u>, for respondent.

---

[1] Cases of the following petitioners are consolidated
herewith: Trainer, Wright & Associates, Charles William Wright
CPA Accounting Corp., Tax Matters Partner, docket No. 7890-00;
and Grigoraci, Trainer, Wright & Paterno, Charles William Wright
CPA Accounting Corp., Tax Matters Partner, and Victor Grigoraci
CPA Accounting Corp. and Donald E. Trainer CPA AC, Partners other
than the Tax Matters Partner, docket No. 9573-00.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge: These cases were consolidated for trial, briefing, and opinion.  In docket No. 7628-00, Victor and Judith A. Grigoraci (separately Mr. Grigoraci and Mrs. Grigoraci, respectively, and collectively the Grigoracis) sought redetermination under section 6213 of a deficiency for tax on self-employment income and a negligence accuracy-related penalty under section 6662(a).[2]  Respondent determined a deficiency of $12,670 and an accuracy-related penalty of $2,534 for 1996.

In docket numbers 7890-00 and 9573-00, petitions were brought under section 6226 by the Tax Matters Partners of two partnerships: Trainer, Wright & Associates (TWA) and Grigoraci, Trainer, Wright & Paterno (GTWP).[3]  The petitioners in these cases sought readjustment of certain adjustments made by respondent to the partnerships' 1996 tax returns.

Both partnerships reported on Schedules K-1, Partner's Share of Income, Credits, Deductions, Etc., that the partners in each partnership were corporations.  Respondent determined that the partners of record were not the true and actual partners, but

---

[2]  Unless otherwise indicated, section references are to the Internal Revenue Code applicable to the subject years.  Rule references are to the Tax Court Rules of Practice and Procedure.

[3]  Paterno is not a partner to GTWP.  The partnership adopted the use of the Paterno name after purchasing a firm by the name of Howell and Paterno.

that the actual partners were the individuals who owned the corporations.

We decide the following issues:

1. Whether our decision as to the identity of the partners must be made at the partner level or at the partnership level. We hold that our decision must be made at the partner level. Accordingly, pursuant to the request of respondent, we shall dismiss the proceedings to the extent that they apply at the partnership level.

2. Whether we have jurisdiction to review the notice of deficiency issued to the Grigoracis. We hold that we have jurisdiction to review a portion of the notice of deficiency.

3. Whether the Grigoracis are liable for self-employment tax. We hold they are not.

4. Whether the Grigoracis are liable for an accuracy-related penalty under section 6662(a). We hold they are not.

FINDINGS OF FACT

Some facts were stipulated. We incorporate by this reference the parties' stipulation of facts and accompanying exhibits.

TWA is a partnership, and its principal place of business is in Huntington, West Virginia. TWA provides public accounting services to its clients. A notice of final partnership administrative adjustment (FPAA), dated April 14, 2000,

determined adjustments to TWA's 1996 partnership return. The notice was issued to Charles William Wright CPA Accounting Corp. (Wright S Corp.), as Tax Matters Partner of TWA. The FPAA described the disputed adjustment to TWA's partnership return as:

> It has been determined that the following individuals are the actual partners of the partnership: Donald E. Trainer (with a profits interest of 50 percent), and Charles W. Wright (with a profits interest of 50 percent). It has also been determined that the following pass-thrus [sic] are not actual partners of the partnership: Donald E. Trainer, CPA, A/C (also known as Donald E. Trainer Accounting Corp.), and Charles William Wright, CPA, A/C (also known as Charles William Wright, CPA, Accounting Corp.).[4]

GTWP is a partnership with its principal place of business in Charleston, West Virginia.[5] GTWP also is in the business of providing public accounting services to its clients. An FPAA, dated April 14, 2000, determined an adjustment to GTWP's 1996 partnership return. The FPAA was issued to Wright S Corp., as the Tax Matters Partner of GTWP. The FPAA described the disputed adjustment to GTWP's partnership return as:

> It has been determined that the following individuals are the actual partners of the partnership: Donald E. Trainer (with a profits interest of 23 percent), Charles W. Wright (with a profits interest of 23 percent), and Victor Grigoraci (with a profits interest of 54 percent). It has also been determined that the following pass-thrus [sic] are not actual partners of the partnership: Donald E. Trainer, CPA, A/C (also

---

[4] Respondent also made an adjustment to TWA's deductions, but this adjustment is not in dispute.

[5] The parties have agreed that GTWP and TWA were separate partnerships in 1996.

known as Donald E. Trainer Accounting Corporation), Charles William Wright, CPA, A/C (also known as Charles William Wright, CPA, Accounting Corporation), and Victor Grigoraci, CPA, A/C (also known as Victor Grigoraci, CPA, Accounting Corporation).

In 1996, Wright S Corp. was an S corporation under section 1361. Its sole shareholder was Charles Wright, an individual. Mr. Wright is a certified public accountant and has been affiliated with TWA or its predecessors, since 1972.[6]

In 1996, Donald E. Trainer, CPA, A/C was also an S corporation (Trainer S Corporation). Trainer S Corporation's sole shareholder was Donald Trainer, an individual. Mr. Trainer is a certified public accountant and has been affiliated with TWA or its predecessors since 1972.[7]

In the later part of 1994, TWA operated offices in Huntington and Charleston, West Virginia. It planned to add another partner to its Charleston office and was in negotiations with Mr. Grigoraci. For the prior year Mr. Grigoraci had operated his accounting practice as a sole proprietorship. In or about November 1995, TWA reached an agreement with Mr. Grigoraci, under which a partner was added to the Charleston office and a new partnership, GTWP, was formed. From negotiations with Messrs. Trainer and Wright, Mr. Grigoraci and his attorney had

---

[6] We make no finding as to whether Mr. Wright or Wright S Corp. was a partner in TWA during 1996.

[7] We make no finding as to whether Mr. Trainer or Trainer S Corporation was a partner in TWA during 1996.

understood that the other partners to GTWP were corporations; namely, Wright S Corp. and Trainer S Corporation. Mr. Grigoraci's attorney advised him that he should not become a member of the partnership in his individual capacity because he would be the only partner in GTWP with unlimited liability. To avoid being the only noncorporate partner in GTWP, Mr. Grigoraci formed Victor Grigoraci, CPA, Accounting Corporation (Grigoraci S Corporation) in or about November 1995. It was Mr. Grigoraci's intention that Grigoraci S Corporation join GTWP as a partner.

During 1996, Mr. Grigoraci was the sole shareholder, president, and treasurer of Grigoraci S Corporation. Mrs. Grigoraci was the corporation's secretary, but she did not perform any work for the corporation as an employee. Mr. Grigoraci's personal secretary maintained the books and records of the corporation. During 1996, the office of Grigoraci S Corporation was the same as GTWP's.

GTWP reported on its income tax return for 1996 ordinary income of $197,773. On a Schedule K-1 for 1996, GTWP reported that the Grigoraci S Corporation's distributive share was $106,799. Grigoraci S Corporation reported on its 1996 Federal income tax return the distributive share from GTWP and other income of $21,862. The record does not disclose the source of this other income. After deductions, including a salary of $32,000 to Mr. Grigoraci, Grigoraci S Corporation reported that

Mr. Grigoraci's share of the corporation's income was $92,470. On their joint return for 1996, the Grigoracis reported the passthrough income from the corporation as well as Mr. Grigoraci's salary from the corporation. The Grigoracis did not pay any self-employment tax in 1996.

A notice of deficiency, dated April 14, 2000, was issued by respondent to the Grigoracis. Respondent determined therein that the $92,470 reported by the Grigoracis as their distributive share of Grigoraci S Corporation's income was actually their distributive share of GTWP's income. Respondent determined that the $92,470 was personal service income. Respondent also determined that the $32,000 the Grigoracis reported as wages from Grigoraci S Corporation was actually personal service income. Respondent further determined that the Grigoracis owed self-employment tax on the $124,470 ($92,470 plus $32,000) in the amount of $15,076. Additionally, respondent determined that the Grigoracis were liable for a negligence accuracy-related penalty under section 6662(a) of $2,534 for their failure to treat Mr. Grigoraci as a partner in GTWP.

OPINION

A. Review of the FPAAs

In a partnership level proceeding, our jurisdiction is limited to review of the Commissioner's adjustments to partnership items. Sec. 6226(f). Thus, we must initially decide whether a partnership level proceeding is the appropriate method for us to review respondent's determination that the partners of record are not the true and actual partners in the partnerships. If this is a review to be conducted at the partnership level, we review the petitions filed by the tax matters partners. If this is a partner level determination, we must dismiss the two partnership proceedings because the only determinations petitioned by the tax matters partners were the Commissioner's determinations to change the identity of the partners.

1. TEFRA Procedures

The unified audit and litigation procedures were enacted as part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 401(a), 96 Stat. 648, and are commonly referred to as the TEFRA procedures. The TEFRA procedures provide a method for adjusting "partnership items" in a single unified partnership proceeding, rather than in multiple separate actions against each partner. Maxwell v. Commissioner, 87 T.C. 783, 787 (1986). Specifically, section 6221 provides

the tax treatment of any partnership item (and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item) shall be determined at the partnership level.

In general, the Commissioner is precluded from assessing a liability attributable to a partnership item or any penalty, addition to tax, or additional amount which relates to the partnership item, until after the completion of the partnership level proceedings. Sec. 6225(a); Maxwell v. Commissioner, supra at 788. Conversely, the Commissioner generally must follow the deficiency procedures before he can assess a deficiency related to affected items or other nonpartnership items. Sec. 6230(a); Maxwell v. Commissioner, supra at 787-788.

If the Commissioner makes an adjustment to a partnership item under section 6221 and a petition is filed with this Court in accordance with section 6226(a) or (b), we have jurisdiction to review the Commissioner's adjustment to the partnership item. The scope of our review is defined by section 6226(f) as follows:

> A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

Thus, in a TEFRA proceeding, the Court has authority to "determine all partnership items" and to determine "the proper

allocation of such items among the partners". Sec. 6226(f). In such a proceeding, the Court's jurisdiction extends only to redetermining adjustments of partnership items. N.C.F. Energy Partners v. Commissioner, 89 T. C. 741, 743 (1987) Maxwell v. Commissioner, supra at 787-788.

2.   Definition of Partnership Items

Section 6231(a)(3) defines a partnership item as:

> (3) Partnership item.--The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

Only items that are "required to be taken into account for the partnership's taxable year under *** subtitle A" can be partnership items. Dial USA, Inc. v. Commissioner, 95 T.C. 1, 3 (1990). Of these items, only those that are "more appropriately determined at the partnership level" are partnership items. N.C.F. Energy Partners v. Commissioner, supra at 743. Section 301.6231(a)(3)-1, Proced. & Admin. Regs., identifies those items that are partnership items because they are more appropriately determined at the partnership level. Some items that are required to be taken into account by the partnership under subtitle A are not partnership items because the items are more appropriately considered at the partner level.

3.   Is the Reallocation of Partnership Items From the Partner of Record to the Allegedly True and Actual Partner a Partnership Item?

Our precedent establishes that the hallmark of a partnership item is that it affects the distributive shares reported to the other partners. Blonien v. Commissioner, 118 T.C. 541, 551–552 n.6 (2002). In Katz v. Commissioner, 116 T.C. 5, 12 (2001), the issue before the Court was "once a partnership has allocated partnership items in respect of the interest of a partner who has commenced a bankruptcy proceeding during the partnership taxable year, whether the subdivision of those items between the partner and his bankruptcy estate constitutes a partnership item". In Katz, the Court viewed this inquiry as tantamount to determining whether a partner in bankruptcy and his bankruptcy estate should be treated as separate partners. Id. We concluded that "from the perspective of the partnership in its determination of each partner's distributive share of partnership tax items, a partner in bankruptcy and his bankruptcy estate are properly considered as one and the same" partner. Id. at 13. The reallocation of the distributive share between the partner and his bankruptcy estate had no impact on the partnership's aggregate income or loss, nor did it have any impact on the distributive shares reported to the other partners. Accordingly, we held that the

determination was more appropriately made at the partner level and was, therefore, not a partnership item.

Similarly, in Hang v. Commissioner, 95 T.C. 74, 80 (1990), a setting closely analogous to the instant case, we held that the determination of whether a father was the true and beneficial owner of shares in an S corporation that were held in the name of his sons is properly made at the individual shareholder level.[8] The Court reasoned that determining the true and beneficial owner of the shares was more appropriately determined at the individual level because the determination depends upon factors that cannot be determined at the corporate level and requires participation of the allegedly true owner of the shares. Hang v. Commissioner, Id. at 80-81.

We find our decisions in Hang and Katz highly persuasive because the effect of the determinations at issue in Hang and Katz are strikingly similar to the effect of respondent's

---

[8] Under the S corporation audit and litigation procedures (S Corporation procedures), secs. 6241 through 6245, a "subchapter S item" is defined as "any item of an S corporation to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the corporate level". Sec. 6245. The tax treatment of a subch. S item generally must be determined in an entity level proceeding. See sec. 6241.

The S Corporation procedures were enacted shortly after the TEFRA procedures as part of the Subchapter S Revision Act of 1982, Pub. L. 97-354, sec. 4(a), 96 Stat. 1691. The S Corporation procedures were repealed as of Dec. 31, 1996, by the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1307(c)(1), 110 Stat. 1781.

determinations in these cases. The determinations in <u>Hang</u> and <u>Katz</u> had no impact on the entity's aggregate income, gain, loss, deductions, or credits. In the cases at hand, respondent's alteration of the partners in GTWP and TWA had no impact on either partnership's aggregate income, gain, loss, deductions, or credits. The determination in <u>Katz</u> also had no impact on the other partners' shares of the income, gain, loss, deductions, or credits of the partnership. Similarly, in these cases, reallocation of the distributive share of any corporate partner of record to the individual who owns such Corporation has no impact on the other partners' shares of the income, gain, loss, deductions, or credits.

Respondent claims that section 301.6231(a)(3)-1, Proced. & Admin. Regs., mandates that items that are required to be taken into account under Subtitle A by the partnership are, by definition, more appropriately determined at the partnership level and are, therefore, partnership items. We disagree. The regulation provides a list of items that are more appropriately determined at the partnership level from the larger universe of items that are required to be taken into account under Subtitle A. See <u>Harris v. Commissioner</u>, 99 T.C. 121, 125 (1992). It does not state that all items that must be taken into account under Subtitle A are ipso facto more appropriately determined at the partnership level.

Respondent also claims that two portions of the regulation support his argument that a reallocation of partnership items from the partners of record to the allegedly true and actual partners is a partnership item. First, respondent claims that section 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs., includes as a partnership item a determination of the partnership's aggregate and each partner's share of "income, gain, loss, deduction, or credit of the partnership". Sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs. We disagree with respondent that a determination of whether the corporate partners in TWA and GTWP were shams is a partnership item under this section of the regulations.

The aggregate income, gain, loss, deductions and credits of the partnership are not in dispute.[9] Moreover, for GTWP and TWA, the determination of whether a partner is a corporation or an individual has no impact on the partnership level issues covered by the regulation. There is also no dispute about the amount of the allocations made to the partners, whether they be corporations or individuals. In fact, a determination that any of the partners is an individual--rather than a corporation--for Federal tax purposes does not require an adjustment to the

---

[9] As stated previously, adjustments to TWA and GTWP's income, gain, loss, deductions and credits are not in dispute. The only liability created by the disputed adjustments is to create self-employment tax liability for the individual partners.

allocable shares of the other partners as reported by the partnerships.  Instead, it merely affects the Federal tax liability of the specific partner whose status was changed from a corporation to an individual.  Items that merely affect the tax liability of a specific partner, but not the other partners, are not partnership items.  Hambrose Leasing v. Commissioner, 99 T.C. 298, 308-309 (1992) (holding that a determination of the partner's amount at risk was not a partnership item because it affected only the status of the partner and not the partnership); N.C.F. Energy Partners v. Commissioner, 89 T.C. at 741 (holding that penalties and additions to tax to be asserted against the partners were not partnership items); Gustin v. Commissioner, T.C. Memo. 2002-64 (holding that a partner's basis in his partnership interest is not a partnership item).  Accordingly, determining the identity of the partners is not a partnership item under this regulation because it has no effect on either the partnership's aggregate or each partner's share of income, gain, loss, deductions, or credits of the partnership.

Second, respondent claims that section 301.6231(a)(3)-1(a)(4), Proced. & Admin. Regs., includes as partnership items any items relating to contributions to the partnership, distributions from the partnership, and transactions between the partnership and a partner not acting in his capacity as a partner.  Such items are only partnership items "to the extent that a determination of such item can be made from determinations

that the partnership is required to make with respect to an amount, the character of an amount, or the percentage interest of a partner in the partnership, for purposes of the partnership books and records or for furnishing information to a partner". Sec. 301.6231(a)(3)-1(a)(4), Proced. & Admin. Regs.

Respondent argues that a determination of the identity of the partners relates to contributions to the partnership and distributions from the partnership.  However, the regulation classifies an item as a partnership item only "to the extent that a determination of the item can be made" by the partnership.  In this case, the identity of the partners is not a partnership item because the partnerships cannot conclusively make such a determination.  Hambrose Leasing v. Commissioner, supra at 311. The partnership cannot determine whether its corporate partners should be respected for Federal tax purposes without consideration of information that is not available at the partnership level.  For example, such a determination requires consideration of the manner in which the corporation's activities were conducted, whether it was properly formed, whether it has a valid purpose, and whether it actually conducts business.  Moline Props., Inc. v. Commissioner, 319 U.S. 436 (1943).  Moreover, most of the evidence relevant to determining whether the corporation or the individual is the partner centers on the acts, motives, and intentions of the individuals and not on actions taken by the partnership.

Additionally, the determination of whether the corporation before us should be respected for Federal tax purposes has no impact on the partnerships, their books and records, or any other aspect of the partnerships. The determination also has no impact upon the amount or character of a distribution, or percentage of the other partners' interests in the partnerships. The determinations' sole impact is on the liability for self-employment tax and related penalties. A determination of the identity of the partners in GTWP and TWA is not a partnership item under this section of the regulations.

There are circumstances in which the determination of the status of a partner is a partnership item. In Blonien v. Commissioner, 118 T.C. 541 (2002), for example, we held that a determination that an individual was a partner in a partnership was a partnership item because such determination affected the distributive shares of the other partners. See also Oceanic Leasing v. Commissioner, T.C. Memo. 1996-458. A determination of this nature is more appropriately made at the partnership level because it alters the number of partners and decreases the distributive shares of the other partners. Conversely, resolution of the issue in this case does not change the number of partners, their allocable shares, or in any way affect the partnership or the other partners.

Under the circumstances of this case, we hold that a determination that the partners of record were not the true and

actual partners is not a "partnership item" under section 6221 and cannot be addressed in a partnership level proceeding.  We do not have jurisdiction under section 6226 to determine the identity of the partners in the two partnership level proceedings.  Maxwell v. Commissioner, supra.  In the absence of a justiciable claim for relief in the petition for review, we shall dismiss each case for failure to state a claim upon which relief can be granted.

B.    The Notice of Deficiency Issued to the Grigoracis

Next we consider the Grigoracis' request that we review respondent's determination of a deficiency for the Grigoracis' 1996 tax year and a related penalty.  Respondent initially adopted the position that the notice of deficiency was issued pursuant to section 6212.  After the Court requested additional briefing by the parties, respondent claimed that the notice of deficiency is entirely an affected items notice of deficiency under section 6230(a)(2).  Respondent argues that the notice was issued before the close of the partnership proceedings and should be dismissed pursuant to GAF Corp. v. Commissioner, 114 T.C. 519 (2000).

1.    Is the Notice of Deficiency an Affected Items
      Notice of Deficiency?

Pursuant to section 6230(a)(2), the Commissioner will issue an affected items notice of deficiency to the taxpayer when a deficiency is attributable to an affected item that requires a

"partner level determination".[10]  An affected item is defined as any item "affected by a partnership item."  Sec. 6231(a)(5).  The Grigoracis' liability for self-employment tax on the distributive share from GTWP under section 1402(a) requires a determination that Mr. Grigoraci was the true and actual partner in GTWP - a partner level determination.  Accordingly, any deficiency attributable to self-employment tax on the distributive share from GTWP requires respondent to issue an affected items notice of deficiency.  The deficiency determined by respondent is only partially attributable to self-employment tax on the distributive share from GTWP.

In the notice of deficiency respondent recharacterized the $92,470 distributive share the Grigoracis reported as being from Grigoraci S Corporation as actually being from GTWP.  Respondent then determined that the $92,470 was personal service income subject to self-employment tax.  In addition, respondent determined that the $32,000 of wages the Grigoracis reported as earned from Grigoraci S Corporation was actually "personal service income" subject to self-employment tax.  Thus, the

---

[10] We agree with respondent that affected item notices of deficiency can only be issued to a partner.  For these purposes, sec. 6231(a)(2) defines a partner as either (1) a partner in the partnership or (2) any other person whose income tax liability is determined directly or indirectly by taking partnership items into account.  As so defined, Mr. Grigoraci is a partner in GTWP. Either he is an actual partner in GTWP or Grigoraci S Corporation is the partner and Mr. Grigoraci is its sole shareholder.  In the latter case, Mr. Grigoraci's income would be determined indirectly by taking partnership items into account.

deficiency determined by respondent was composed of the self-employment tax on the $124,470 and an accuracy-related penalty for the Grigoracis' failure to treat Mr. Grigoraci as a partner in GTWP.

The deficiency is not solely attributable to affected items because respondent determined that the Grigoracis owed self-employment tax on income that was not earned by GTWP. The self-employment tax respondent determined that the Grigoracis owed on the $92,470 is an affected item, while the self-employment tax owed on the $32,000 is not an "affected item".

Pursuant to GAF Corp. v. Commissioner, supra, we dismiss for lack of jurisdiction and strike the Grigoracis' petition to the extent the deficiency is related to the self-employment tax on the $92,470 of income or the accuracy-related penalty. As to the portion of the deficiency that is self-employment tax on the $32,000 of income, the notice was issued pursuant to section 6212. As to this portion of the notice of deficiency, we have jurisdiction to review respondent's determination under section 6213.

## 2. Review of the Section 6212 Notice of Deficiency

The notice of deficiency does not clearly articulate the reason for recharacterizing the $32,000. On brief, respondent's sole argument in support of collecting self-employment tax on this income is that Grigoraci S Corporation is a sham that should not be recognized for Federal tax purposes. Accordingly, the

wages reported by the Grigoracis as being from Grigoraci S Corporation would actually be income derived from providing personal services directly to the end-user.  The Grigoracis claim that Grigoraci S Corporation is a valid entity for Federal tax purposes and that the corporation is the partner in GTWP.  We agree with the Grigoracis.

There is no dispute that Grigoraci S Corporation was validly organized under West Virginia law.  For Federal tax purposes, a validly organized corporation is usually respected, but it may be disregarded in instances where it is found to be a sham.  Moline Props., Inc. v. Commissioner, 319 U.S. 436 (1943); Higgins v. Smith, 308 U.S. 473, 477-478 (1940); Gregory v. Helvering, 293 U.S. 465 (1935).  Under the test defined in Moline Properties, we do not disregard a corporation for Federal tax purposes if it (1) served an intended business function or purpose or (2) engaged in business.  The corporation's existence as a taxable entity will be recognized if it satisfies either prong of the test.  Carver v. United States, 188 Ct. Cl. 202, 412 F.2d 233, 236 (1969).  The degree of corporate business purpose or the quantum of business activity required for recognition of the separate existence of a corporation is rather minimal.  Hosp. Corp. of Am. v. Commissioner, 81 T.C. 520, 579-580 (1983); Strong v. Commissioner, 66 T.C. 12, 24 (1976).  A corporation is a separate and distinct entity even if the corporation is wholly owned by

one shareholder.  Burnet v. Commonwealth Improvement Co., 287 U.S. 415, 420 (1932).

The Grigoracis claim that the corporation was established for the purpose of limiting Mr. Grigoraci's potential liability from the partnership.  According to respondent, the corporation's primary purpose was to allow the Grigoracis to avoid the payment of Federal employment tax.  We find no evidence in the record to support respondent's position and agree with the Grigoracis.

The evidence clearly establishes that the primary, if not the sole, reason Mr. Grigoraci formed the corporation was to limit his potential, personal liability upon entering the GTWP partnership.  Mr. Grigoraci had practiced accounting for many years either as a general partner in other partnerships or as a sole proprietorship.  There is no evidence he had a history of avoiding liability for employment tax.  Not until he considered joining GTWP did Mr. Grigoraci begin to use the corporate form. Mr. Grigoraci claimed that he chose the corporate form because he did not want to be the only partner in GTWP who was personally liable for GTWP's liabilities.  It was Mr. Grigoraci's understanding that his potential future partners were both corporations.  Specifically, his partners were to be Trainer S Corporation and Wright S Corp.  Upon seeking the advice of counsel, Mr. Grigoraci's attorney advised him that he should use the corporate form to limit his potential liability.

Use of the corporate form to limit the personal liability of a taxpayer has long been recognized as a valid business purpose for incorporating. Davis v. Commissioner, 64 T.C. 1034, 1044 (1975) (citing Siegel v. Commissioner, 45 T.C. 566 (1966)); S. Dredging Corp. v. Commissioner, 54 T.C. 705 (1970); Doe v. Commissioner, T.C. Memo. 1993-543, affd. in part and revd. in part on other grounds 116 F.3d 1489 (10th Cir. 1997); Aagaard v. Commissioner, T.C. Memo. 1985-194, affd. sub nom. Gran v. Commissioner, 664 F.2d 199 (8th Cir. 1981).

We find Mr. Grigoraci's reasons for forming Grigoraci S Corporation believable and logical. The formation of the corporation to limit his personal liability is a valid business purpose. Accordingly, the Grigoracis satisfy the first prong of the test of Moline Props., Inc. v. Commissioner, supra, and we shall recognize the existence of the corporation for Federal tax purposes.

Respondent has advanced no other argument to support the determination that the Grigoracis owe self-employment tax on the $32,000 of income. Accordingly, we hold that the Grigoracis do not owe self-employment tax on the $32,000 of income that respondent determined was personal service income and not wages. Moreover, we determine that the Grigoracis properly reported this income as wages from Grigoraci S Corporation.

To reflect the foregoing,

An appropriate order will be issued and decision will be entered for petitioners in docket No. 7268-00; an appropriate order will be issued and decision will be entered in docket No. 7890-00; and an appropriate order of dismissal for lack of jurisdiction will be entered in docket No. 9573-00.