# United States Tax Court

T.C. Memo. 2022-85

WARNER ENTERPRISES, INC.,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 17163-19L.                    Filed August 22, 2022.

————

*Richard L. Hunn* and *Jasper G. Taylor III*, for petitioner.

*Brooke N. Stan*, for respondent.


## MEMORANDUM OPINION

BUCH, *Judge*: This collection case is before the Court on the Commissioner's Motion for Partial Summary Judgment. In that motion, the Commissioner seeks to preclude Warner Enterprises, Inc. (Warner), from raising the question of whether the Commissioner complied with section 6751(b)(1) as a potential defense to Warner's liability for penalties arising out of a now-final partnership proceeding.[1] Because compliance with section 6751(b) must be raised in a partnership-level proceeding, not in a partner's subsequent collection proceeding, we will grant the Commissioner's motion.

———————

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                                *Background*

Warner, a Delaware corporation with its principal office in New York, was a partner in AD Investment 2000 Fund, LLC (AD Investment Fund or partnership). The Commissioner issued a Notice of Final Partnership Administrative Adjustment for the partnership's 2000 tax year.[2] That notice included various partnership-level determinations, including determinations as to penalties. Those determinations were litigated in this Court at Docket No. 9177-08. In that proceeding, no partner raised the issue of whether the Commissioner had complied with the requirement under section 6751(b) to obtain supervisory approval of a penalty.

Our 2016 decision in AD Investment Fund's partnership-level case disregarded the partnership for federal income tax purposes. We deemed its activities to have been conducted directly by the partners and disregarded the partners' contributions, including those made specifically by Warner. *AD Inv. 2000 Fund LLC v. Commissioner*, T.C. Memo. 2016-226, *vacating and superseding* T.C. Memo. 2015-223. Our decision determined that a gross valuation misstatement penalty and several other accuracy-related penalties applied. *AD Inv. 2000 Fund LLC*, T.C. Memo. 2015-223, at *34–38. No one appealed.

The Commissioner assessed and began collection of the tax and penalties that resulted from the partnership-level proceeding. Warner eventually received a notice of federal tax lien filing and a notice of intent to levy from which it requested a collection hearing with the IRS Office of Appeals. Warner contested its liability, alleging that it had not received an affected items notice of deficiency. Warner also alleged that the IRS had not complied with the supervisory approval requirement of section 6751(b)[3] and requested proof of compliance; but the settlement officer did not provide any documents showing approval.

The Commissioner mailed Warner a notice of determination sustaining the lien filing and proposed levy. In that notice, the settlement officer stated "the penalty issue was decided by the Tax Court

---

[2] The Commissioner followed the partnership unified audit and litigation procedures under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, §§ 401–407, 96 Stat. 324, 648–71, codified at sections 6221 through 6234 and repealed for returns filed for partnership tax years beginning after December 31, 2017.

[3] Warner raised other issues that are not presented in the Motion before us and thus not addressed in this Opinion.

**[\*3]** in the AD Investment 2000 Fund LLC litigation, a proceeding with collateral estoppel and/or res judicata effect. As a result, the Service is not required to verify compliance with IRC § 6751."

Warner timely petitioned the Tax Court alleging that the Commissioner erred by precluding Warner from "rais[ing] noncompliance with section 6751(b) as an issue." Warner argues that the settlement officer was required to verify that the IRS had complied with section 6751(b). The Commissioner filed a Motion for Partial Summary Judgment on these two section 6751(b) issues.

*Discussion*

Under Rule 121(a), either party may move for summary judgment regarding all or any part of the legal issues in a controversy. Summary judgment is appropriate when there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(b); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). When a motion for summary judgment is properly made and supported, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing a genuine dispute. Rule 121(d). No material facts are in dispute with respect to the issues before us.

Section 6751(b)(1) provides that the Commissioner may not assess a penalty "unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination." In his motion for partial summary judgment, the Commissioner argues that TEFRA and res judicata prevent Warner from raising the Commissioner's compliance with section 6751(b) in this collection proceeding. Specifically, he contends that compliance with section 6751(b) is an issue that can be raised only in a partnership-level proceeding. The Commissioner further contends that, on the facts of this case, compliance with section 6751(b) is not part of the verification requirements of section 6330(c)(1) because this Court had already conclusively determined the applicability of penalties.

Warner disagrees. It asserts that section 6330(c)(4) applies and does not preclude it from raising supervisory penalty approval as a defense during its collection proceeding. It further asserts that verification of section 6751(b) compliance is required in any collection proceeding, even one at the partner level.

**[\*4]** I.    *TEFRA Proceedings*

Partnerships do not pay income taxes; partners do. *See* § 701; *United States v. Woods*, 571 U.S. 31, 38 (2013). Before the enactment of TEFRA, each partner's income tax liability was determined independently, even when an item flowed from a partnership. TEFRA was enacted to alleviate the administrative burden caused by duplicative audits and piecemeal partner-level litigation. Instead of determining each partner's income tax liability independently, "Congress decided that . . . 'the tax treatment of any partnership item [would] be determined at the partnership level.'" *Maxwell v. Commissioner*, 87 T.C. 783, 787 (1988) (alteration in original) (quoting § 6221). All partners are deemed to be parties to a partnership-level proceeding and bound by its outcome. §§ 6226(c), 6228(a)(4)(A)(i).

The parties agree that TEFRA applied to AD Investment Fund, of which Warner was a partner. Warner did not challenge its status as a party to the partnership-level proceeding.

TEFRA governs the adjustment of any partnership item and the applicability of any penalty that relates to the adjustment of a partnership item. § 6221. Partnership-level determinations of penalties "include all the legal and factual determinations that underlie the determination of any penalty, addition to tax, or additional amount, other than partner-level defenses." Treas. Reg. § 301.6221-1(c). The Commissioner's compliance with section 6751(b) is a partnership-level matter, and the burden to raise it falls on the participating partners, not the Commissioner. *Dynamo Holdings Ltd. P'ship v. Commissioner*, 150 T.C. 224, 234–36 (2018). Partners may only raise *partner-level defenses* to penalties in a subsequent partner-level proceeding. Treas. Reg. § 301.6221-1(d); *see Woods*, 571 U.S. at 41–42.

Warner asserts that partners can raise compliance with section 6751(b) as a defense to penalties at any time, at both the partnership level *and* the partner level. But Warner's assertion ignores the very specific TEFRA framework requiring that items affecting all partners equally be determined at the partnership level. *See* § 6221. "[T]he hallmark of a partnership item is that it" is common to all partners. *Grigoraci v. Commissioner*, T.C. Memo 2002-202, 84 T.C.M. (CCH) 186, 189. Like other legal and factual matters that must be raised and determined at the partnership level, the IRS's compliance with section 6751(b) is not a matter "personal to the partner or . . . dependent upon the partner's separate return." Treas. Reg. § 301.6221-1(d). Allowing a

[*5] review for compliance at the partner level would defeat TEFRA's very aim of avoiding duplicative proceedings on a question that applies equally to all partners. The proper place to raise compliance with section 6751(b) is in a partnership-level proceeding. *See, e.g., Ginsberg v. United States*, 17 F.4th 78, 85 (11th Cir. 2021); *Rogers v. Commissioner*, T.C. Memo 2019-61, at \*22–23, *aff'd*, 9 F.4th 576 (7th Cir. 2021); *Nix v. United States*, 339 F. Supp. 3d 580, 588 (E.D. Tex. 2018).

Warner's argument also ignores the reasoning behind the enactment of section 6751(b). As has been well explained, the Congressional intent behind section 6751 was to ensure that "penalties should only be imposed where appropriate and not as a bargaining chip." S. Rep. No. 105-174, at 65 (1998), *reprinted in* 1998-3 C.B. 557, 601. Congress enacted section 6751(b)(1) to "curb perceived abuses arising out of the IRS's use of unjustified penalties to pressure taxpayers into settlement." *Laidlaw's Harley Davidson Sales, Inc. v. Commissioner*, 154 T.C. 68, 83 (2020), *rev'd and remanded*, 29 F.4th 1066 (9th Cir. 2022). In the instant case, there is no threat or bargaining chip the government can hold over Warner with respect to penalties because this Court already determined them.

II.    *Res Judicata*

The Commissioner contends that the doctrine of res judicata also bars Warner from raising compliance with section 6751(b) after the conclusion of a partnership-level proceeding. Under that doctrine, a taxpayer would be barred from relitigating its underlying liability during a collection proceeding after a court has entered a final decision for the relevant tax year: "[I]f a claim of liability or non-liability relating to a particular tax year is litigated, a judgement on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year." *Newstat v. Commissioner*, T.C. Memo. 2004-208, 88 T.C.M. (CCH) 254, 260 (quoting *Commissioner v. Sunnen*, 333 U.S. 591, 598 (1948)), *supplemented by* T.C. Memo 2005-262.

Warner asserts that section 6330(c)(4)(A) supplants the common law doctrine of res judicata in collection cases. That provision precludes taxpayers from raising issues at a collection hearing if "(i) the issue was raised and considered at a previous hearing under section 6320 or in any other previous administrative or judicial proceeding; and (ii) the person seeking to raise the issue participated meaningfully in such hearing or proceeding." § 6330(c)(4)(A).

**[\*6]**    In making its argument, Warner overlooks section 6330(c)(2)(B), which, like section 6330(c)(4), limits the issues taxpayers may raise at a collection hearing. Section 6330(c)(2)(B) precludes a taxpayer from challenging the underlying liability if the person received a notice of deficiency for, or otherwise had a prior opportunity to dispute, such liability. Warner had just such an opportunity in AD Investment Fund's partnership-level TEFRA proceeding to which it was a party and in which it had a right to participate. *See* § 6226(c).

III.    *Verification Requirement*

The Commissioner contends that the settlement officer was not required to verify compliance with the supervisory approval requirement of section 6751(b) as part of Warner's collection hearing. Warner, however, asserts that the settlement officer was required to verify compliance with that requirement, even at the partner level. We agree with the Commissioner.

The settlement officer conducting a collection hearing must verify "that the requirements of any applicable law or administrative procedure have been met." § 6330(c)(1). Those requirements are those things that the Code, applicable Treasury regulations, and administrative procedures require the Commissioner to do before taking collection action. *See Dinino v. Commissioner*, T.C. Memo. 2009-284, 98 T.C.M. (CCH) 559, 563–64. In a case such as this, where the Court previously adjudicated and entered a decision determining the applicability of penalties, the settlement officer merely needs to determine that the penalty was properly assessed but need not revisit the Court's underlying determination. To permit otherwise would place the administrative agency in review of the Court.

Warner points to cases in support of its argument that the verification requirement under section 6330(c)(1) includes confirmation of whether the supervisory approval requirement of section 6751(b) has been met. Warner misreads the caselaw.

In *Laidlaw's Harley Davidson*, the Commissioner determined a section 6707A penalty against the taxpayer for failure to properly disclose a reportable transaction. With respect to that penalty, we discussed the things that the Commissioner had to consider in the subsequent collection hearing to verify whether the requirements of applicable law or administrative procedure had been met. *Laidlaw's Harley Davidson*, 154 T.C. at 81. But in *Laidlaw's Harley Davidson*

[*7] there had not been a prior court decision. Indeed, Warner does not direct the Court to any case in which verification was required for a penalty that had already been determined by a court. In Warner's case, there is a binding decision from the prior partnership-level proceeding as to the applicability of penalties. A partnership-level defense to the penalties must have been raised or waived in that proceeding.[4]

The Court has identified a collection case in which the supervisory approval requirement was raised with respect to a penalty that had previously been determined in court. *See Rockafellor v. Commissioner*, T.C. Memo. 2019-160. In that collection case, the taxpayer had previously filed a Tax Court petition contesting a notice of deficiency and entered into a stipulated decision with the Commissioner before trial. *Id.* at *2–3. That decision was "final and conclusive" as to her penalties except "in the event of fraud, malfeasance, or misrepresentation of fact." *Id.* at *3. However, when challenging subsequent collection action for those agreed-upon penalties, the taxpayer raised the issue of whether the Commissioner had proven compliance with section 6751(b)(1). *Id.* at *4–7, *10–11. We declined to remand the case to Appeals for verification of compliance with that requirement, holding that the taxpayer consented to the assessment of penalties and waived the section 6751(b) issue. *Id.* at *10–11. Accordingly, we explained that "if there was any error relating to verification of compliance with section 6751(b)(1), it was a harmless error." *Id.* at *11.

A case more aligned with Warner's is *Elkins v. Commissioner*, T.C. Memo. 2020-110. In *Elkins*, the Commissioner made a computational adjustment to a partner's returns consistent with a Tax Court decision from a previous partnership-level proceeding. *Id.* at *2, *5, *7. That decision determined that accuracy-related penalties applied. *Id.* at *6. In a subsequent collection proceeding, Elkins argued that the settlement officer should have "[dug] deeper" to confirm compliance with section 6751(b) as part of her verification process. *Id.* at *20. We explained: "This Court entered a final decision resolving [the partnership-level case], and [the taxpayer], as a partner, is therefore bound by it. . . . [The taxpayer] points to no authority that would allow us to set aside that binding decision or the assessments made in its wake." *Id.* at *21. Similarly, Warner has pointed to no authority that

---

[4] This contrasts with *McNeill v. Commissioner*, 148 T.C. 481 (2017), which permitted a partner in a TEFRA partnership to raise partner-level defenses to a penalty in a collection proceeding.

**[*8]** would permit the Court to set aside the prior—and now final—decision in the partnership case. Clearly, verification of IRS compliance with section 6751(b) at this stage would serve no purpose.

IV.    *Conclusion*

Warner seeks to challenge a penalty that was determined with finality in a prior Court proceeding. This is an item that is required to have been raised in the prior proceeding; Warner may not raise it now.

To reflect the foregoing,

*An appropriate order will be issued granting the Commissioner's Motion for Partial Summary Judgment.*